**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ANDRE JOHNSON (#375946)**                  **CIVIL ACTION NO.**

**VERSUS**                                                **19-734-SDD-SDJ**

**DERRICK DAVIS, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 1, 2022.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANDRE JOHNSON (#375946)                    CIVIL ACTION NO.

VERSUS                                      19-734-SDD-SDJ

DERRICK DAVIS, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court as a result of Andre Johnson's failure to timely serve Defendant Derrick Davis ("Davis"). Because Plaintiff has consistently failed to serve Defendant, it is recommended that this case be dismissed.

**I.    Background**

Plaintiff Andre Johnson, who is confined at the Louisiana State Penitentiary, instituted this action on October 9, 2019,[1] against Derrick Davis, alleging violations of his constitutional rights.[2] This Court screened Johnson's case as mandated by 28 U.S.C. §§ 1915(e) and 1915A, dismissed some of Johnson's claims on July 23, 2020, and ordered service on July 27, 2020.[3] Summons was returned unexecuted on August 23, 2020.[4] On January 19, 2021, this Court ordered Johnson to show cause as to why his claims should not be dismissed for failure to timely effect service.[5] Johnson responded to the show cause order by filing a "Motion to Show Cause as to Why Andre Johnson Claim Against Davis Should Not be Dismissed for Failure to Serve."[6] The Court

---

[1] R. Doc. 1, p. 15. Pursuant to the prison mailbox rule, which generally applies to the filing of pleadings submitted to courts by Louisiana pro se inmates, an inmate's pleadings are considered to be filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008).
[2] R. Doc. 1.
[3] R. Docs. 12 & 13.
[4] R. Doc. 15.
[5] R. Doc. 16.
[6] R. Doc. 17.

interpreted the show cause response as a request for an extension of time to effect service and ordered Johnson to effect service by no later than September 8, 2021.[7] The Court warned that "[f]ailure to timely effect service SHALL result in the dismissal of Plaintiff's remaining claims without further notice."[8] Johnson failed to make any other attempts at service and has not taken any action in this case in over one year, so on May 2, 2022, the Court issued another Order to Show Cause instructing Johnson to show cause as to why his claims against Davis should not be dismissed as a result of his failure to timely effect service.[9] Johnson wholly failed to respond to the Order.

**II.     Law & Analysis**

Fed. R. Civ. P. 4(m) provides for dismissal of an action without prejudice if a plaintiff fails to serve within 90 days after the complaint is filed. Local Civil Rule 41(b)(1)(A) also provides that "[a] civil action may be dismissed by the Court for lack of prosecution…[w]here no service of process has been made within 90 days after filing of the complaint." Service was ordered, and summons was issued nearly two years ago.[10] Further, Plaintiff learned of the defects in service almost two years ago and was given additional opportunities to serve Davis, the last being almost one year ago, yet he has taken no action to remedy the defects in service.[11]

To avoid dismissal, Plaintiff must show good cause for failing to serve, and, if good cause is shown, the Court must extend the time for service.[12] To determine whether good cause exists, the Court looks at the actions of the plaintiff during the relevant time period.[13] A determination

---

[7] R. Doc. 18.
[8] R. Doc. 18, p. 5.
[9] R. Doc. 19.
[10] R. Docs. 13 & 14.
[11] R. Docs. 15, 16, 17, & 18.
[12] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).
[13] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306(5th Cir. 1985) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)).

whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends on the particular circumstances of the case.[14] At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice."[15] Because Plaintiff has wholly failed to respond to the Court's show cause Order, he has not demonstrated good cause.

However, even if Plaintiff lacks good cause, the Court may extend the time for service.[16] Such an extension may be warranted "if the applicable statute of limitations would bar the refiled action."[17] Here, because Plaintiff complains of events occurring in April 2019,[18] dismissal of this Complaint without prejudice will likely have the effect of a dismissal with prejudice, given that the events giving rise to the complaint occurred nearly two years ago. Accordingly, the Court must apply a heightened standard to determine whether this case should be dismissed.

Dismissal with prejudice "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."[19] Further, one of the following three factors should be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Here, the delay is caused solely due to Plaintiff's failure to arrange for

---

[14] *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996).
[15] *Id.*
[16] *Thompson*, 91 F.3d at 21.
[17] *Milan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)).
[18] R. Doc. 1-2, p. 4.
[19] *Milan*, 546 F.3d at 326 (internal quotation marks and citations omitted).

3

service, and, despite notice from the Court, Plaintiff wholly failed to even attempt to remedy the defects in service.[20]  Additionally, Plaintiff's blatant inaction in this matter supports dismissal.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE** for failure to timely effect service upon Defendant Derrick Davis and that this matter be **CLOSED**.

Signed in Baton Rouge, Louisiana, on June 1, 2022.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] *McWherter v. Collins*, 71 F.3d 875 (5th Cir. 1995) ("At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.") (internal quotation marks and citations omitted).